UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARON D. LEWIS,                                    Case No. 13-14058

           Plaintiff,                    Stephen J. Murphy, III
v.                                                  United States District Judge

NORTHLAND CHRYSLER DODGE              Michael Hluchaniuk
RAM JEEP,                                           United States Magistrate Judge

         Defendant.
_____/

## REPORT AND RECOMMENDATION
## DEFENDANT'S MOTION TO DISMISS (Dkt. 8) AND
## PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT (Dkt. 6, 16)

**I.      PROCEDURAL HISTORY**

     Plaintiff, Sharon D. Lewis, filed this lawsuit on September 23, 2013.  (Dkt.

1).  This matter was referred to the undersigned for all pretrial matters on

September 27, 2013.  (Dkt. 2).  On October 16, 2013, defendant filed a motion to

dismiss the complaint. (Dkt. 3).  On October 24, 2013, plaintiff filed a combined

response to the motion to dismiss and a motion for leave to amend the complaint.

(Dkt. 4).  On October 31, 2013, defendant filed a response to plaintiff's motion for

leave to amend the complaint.  (Dkt. 5).  In that response, defendant pointed out

that, at that stage of the proceedings, plaintiff had the right to amend her complaint

as a matter of course and indicates that it did not object to the amendment.  (Dkt.

5).  The Court permitted plaintiff to file her amended complaint in the form attached to her motion by December 2, 2013.  (Dkt. 9).  Given that a new complaint will govern this case, the Court also terminated defendant's first motion to dismiss as moot, without prejudice as to defendant's right to re-file a motion dismiss as to the amended complaint.  (Dkt. 9).  The Court also noted that defendant had already filed a second motion to dismiss based on the amended complaint (Dkt. 8), and while the motion to dismiss was technically premature, it would be allowed to stand.  (Dkt. 9).

On November 21, 2013, the Court ordered plaintiff to file a response to defendant's second motion to dismiss by December 16, 2013.  (Dkt. 11).  It appeared that plaintiff did not do so and the Court issued an Order to Show Cause on January 3, 2014.  (Dkt. 13).  On January 10, 2014, plaintiff responded to the Order to Show Cause and explained that she had filed a response to defendant's motion to dismiss but that it was entitled "Plaintiff's Response to the Defendant's Response to Summary Judgment."  (Dkt. 14).  Apparently, plaintiff's reply brief in support of her motion for summary judgment was also a response to the motion to dismiss.  (Dkt. 14).  Plaintiff also included a substantive response to the motion to dismiss in her response to the Order to Show cause, as permitted in that order. (Dkt. 14).  Notably, plaintiff never filed her amended complaint as ordered by the Court.

2

Report and Recommendation
Motion to Dismiss/Motions for Summary Judgment
*Lewis v. Northland Chrysler*; Case No. 13-14058

Plaintiff filed a motion for summary judgment on November 4, 2013.  (Dkt. 6).  Defendant filed a response on November 14, 2013.  (Dkt. 10).  Plaintiff filed a reply in support of her motion for summary judgment on November 22, 2013. (Dkt. 12).  On January 16, 2014, plaintiff filed a second motion for summary judgment, without leave of the Court as required by Local Rule 7.1.  *See* L.R. E.D. Mich. 7.1(b)(2); (Dkt. 16).  On January 17, 2014, defendant filed a response to the motion for summary judgment.  (Dkt. 17).  And, plaintiff filed a reply on January 27, 2014.  (Dkt. 18).

For the reasons set forth below, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **GRANTED** and that plaintiff's motions for summary judgment be **DENIED** as moot.

## II.    FACTUAL BACKGROUND

### A.    Plaintiff's Complaint

While plaintiff never properly filed her amended complaint as ordered, the Court will consider the allegations contained in the proposed amended complaint. (Dkt. 4).  Plaintiff says that she went to the Northland Chrysler dealership on September 12, 2013 and spoke with a sales person named Scott White and his sales manager regarding a Chrysler 300 Motown Edition car.  (Dkt. 4, Pg ID 46). Plaintiff says she was provided with an quotation of $27,882.58 for this car, which was approved by the finance manager, and that she provided a certified check in

the amount of $9800 as a down payment.  *Id*.  Plaintiff says they told her that they would hold the check.

The next day, plaintiff says she returned to the dealership and the finance manager then told her that the price had changed to $33,382.58.  Plaintiff says that since this was not the price quoted to her, she decided to purchase the car elsewhere and asked for the return of her certified check.  According to plaintiff, defendant's representatives asked her to wait while they contacted her credit union to authorize the withdrawal of funds.  Plaintiff contends there was no reason for them to withdraw funds from her account and they should have just returned the check.  Apparently, the certified check was in the midst of being processed and plaintiff was told that she would have to wait until September 18, 2013 to get her deposit back.  (Dkt. 4, Pg ID 47).

Plaintiff accused defendant's representatives of treating her like this because she is a woman and because she had already informed the finance manager that the was on social security disability.  Plaintiff says this caused her a great deal of stress and humiliation.  Plaintiff also describes several attempts to get her money back via telephone and in-person discussions at the dealership, which were not successful.

According to plaintiff's proposed amended complaint, the foregoing allegations constitute gender, race and disability discrimination under the Civil

Rights Act, Title 42, Ch. 21, § 2000a and "Human Rights 12-1-4 Discrimination in Public Accommodations Prohibited."[1]  (Dkt. 4, Pg ID 36).  Plaintiff claims that she has stated a claim under § 2000a because (1) she is female; (2) she suffered an adverse action – money was stolen from her and defendant tried to extort additional funds from her bank account; and (3) the adverse action occurred in circumstances giving rise to an inference of discrimination, because plaintiff is female, devastated, and humiliated in front of other customers.  Plaintiff also believes she was discriminated against because she is African-American and because she receives Social Security Disability benefits.  (Dkt. 4, Pg ID 37). Plaintiff's proposed amended complaint, in addition to the count for gender discrimination, alleges a claim for "theft by deception" under Title 7, Ch. 31, a claim under the Americans With Disabilities Act (ADA), and a claim for Intentional Infliction of Emotional Distress.

   B.   Motion to Dismiss

       Defendant first argues that plaintiff's proposed amended complaint does not comply with Rule 10, given the "mish-mash" of argument and allegations contained within Dkt. 4.  Defendant contends that plaintiff's factual allegations and claims are impossible to identify and the complaint should be dismissed for

---

[1]  Plaintiff appears to be citing a provision of the municipal code for the City of Boulder, Colorado, which obviously has no application to this lawsuit.  *See* http://colocode.com/boulderpdf/boulderpdfs/title12.pdf

Report and Recommendation
Motion to Dismiss/Motions for Summary Judgment
*Lewis v. Northland Chrysler*; Case No. 13-14058

5

this reason alone.

In addition, defendant asserts that plaintiff's proposed amended complaint fails to state a claim on which relief can be granted.  Defendant argues that, with respect to plaintiff's claim of intentional infliction of emotional distress, no "extreme and outrageous conduct" has been alleged in accordance with Michigan law and plaintiff's proposed amended complaint does not even purport to plead all of the elements of such a claim.  Rather, plaintiff's proposed amended complaint merely states the facts of a simple business transaction.  That is, plaintiff could not be given a refund of her deposit until defendant had knowledge that the check used to make the deposit had cleared plaintiff's credit union processing.

Defendant also alleges that plaintiff's claim for racial or gender discrimination fails as a matter of law because she has not stated any facts to support a claim that she was discriminated against because of her race or gender. She has not described how she was treated differently than anyone not in a protected class.  Rather, she merely states that she is an African American woman and describes the transaction at issue.  She does not allege how she was treated differently because of her race or gender.  In addition, defendant maintains that § 2000a does not apply to it because it is a single car dealership.

Next, defendant contends that plaintiff's proposed amended complaint does not state a claim under the ADA.  According to defendant, plaintiff's complaint

does not state any facts establishing that she qualifies as a person with a disability under the ADA or what accommodations were not provided to her.

According to defendant, there is no Michigan law providing a tort cause of action for "theft by deception." Nevertheless, defendant maintains that it did not steal anything. Rather, the deposit funds were returned to plaintiff after she filed this lawsuit. (Dkt. 8, Pg ID 113).[2]

C.    Plaintiff's Response

In response, plaintiff asserts that the defendant's representatives, who are all white, deceived her by increasing the price of her car because she is black, female, and on social security disability. (Dkt. 14). According to plaintiff, this means she has stated a claim under § 2000a. Next, plaintiff acknowledges that Michigan does not recognize a claim for theft by deception, but plaintiff still feels that theft can fall into many categories. According to plaintiff, defendant "took Plaintiff's money, committed fraud, deceived Plaintiff by increasing the price because she is

----

[2] Generally if a court considers matters outside of the pleadings, the court must convert the motion into one for summary judgment under Rule 56. However, "[w]hen a court is presented with a 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *see also Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997). In the view of the undersigned, the Court can consider evidence that the funds were returned to plaintiff because she mentions the check in her proposed amended complaint. (Dkt. 4). However, the undersigned did not rely on this evidence in reaching the conclusions contained in this report and recommendation.

7

Report and Recommendation
Motion to Dismiss/Motions for Summary Judgment
*Lewis v. Northland Chrysler*; Case No. 13-14058

female, black and disable[d] and should not get away with this." *Id*. at Pg ID 171.

Plaintiff also contends that defendant violated the ADA by discriminating against her, humiliating her in front of other customers knowing that she receives social security disability benefits. They did not care that she cried or stated that she was going to call the police. Finally, as to her claim for intentional infliction of emotional distress, plaintiff says she had trouble sleeping and was seen by her doctor for medical treatment because of defendant's actions. Plaintiff also argues that defendant stole and processed her check without her consent, without a contract, and kept her money for over 30 days, forcing plaintiff to file this Court action and pay a $400 filing fee.

## III.   ANALYSIS AND CONCLUSION

### A.   Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007), quoting, *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A plaintiff is also obliged "to provide the grounds of his [or her] entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

8

Report and Recommendation
Motion to Dismiss/Motions for Summary Judgment
*Lewis v. Northland Chrysler*; Case No. 13-14058

will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007), quoting *Twombly*, 127 S.Ct. at 1964-65 (citations and quotation marks omitted).

The Supreme Court recently raised the bar for pleading requirements beyond the old "no-set-of-facts" standard of *Conley v. Gibson*, 355 U.S. 41, 78 (1957), that had prevailed for the last few decades. *Courie v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 2009 WL 2497928, *2 (6th Cir. 2009), citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009); *see also Twombly*, 550 U.S. at 555. In *Iqbal*, the Supreme Court explained that a civil complaint only survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949. The Sixth Circuit observed that this new standard is designed to screen out cases that, while not utterly impossible, are "implausible." *Courie*, at *2. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. And although the Court must accept all well-pleaded factual allegations in the complaint as true, it need not "'accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555, quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also Iqbal*, 129 S.Ct. at 1949.

Report and Recommendation
Motion to Dismiss/Motions for Summary Judgment
*Lewis v. Northland Chrysler*; Case No. 13-14058

Where a plaintiff is proceeding without the assistance of counsel, the court is still required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney.  *See e.g. Simmons v. Caruso*, 2009 WL 2922046 (E.D. Mich. 2009), citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).  Thus, the Court must still read plaintiffs' *pro se* complaint indulgently and accept plaintiffs' allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (The Court of Appeals improperly departed "from the liberal pleading standards set forth by Rule 8(a)(2)" and failed to "liberally construe" the *pro se* complaint at issue.).

B.    Dismissal Under Rules 8 and 10

The undersigned concludes that plaintiff's complaint should be dismissed because it fails to comply with Federal Rules of Civil Procedure 8 and 10.  The Federal Rules of Civil Procedure require that a complaint (1) contain "a short and plain statement of the claim," and (2) "be simple, concise, and direct." Fed.R.Civ.P. 8(a), (e).  Rule 10(b) states that claims must be made in numbered paragraphs; the contents of each are to be limited to a statement of a single set of circumstances; and, claims founded on separate transactions or occurrences are to be stated in separate counts if a separation facilitates a clear presentation.  Here,

plaintiff's proposed amended complaint violates Rule 8(a) and Rule 10(b). "What constitutes a short and plain statement must be determined in each case on the basis of the nature of the action, the relief sought, and the respective positions of the parties in terms of the availability of information and a number of other pragmatic matters." 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1217 at 240-41 (3d ed. 2004). A plaintiff properly pleads a claim for relief by "briefly describing the events" supporting the claim. *Peabody v. Griggs*, 2009 WL 3200686, *3 (D.R.I. 2009), quoting *Sanjuan v. American Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994). The statement of the claim should be short because "unnecessary length places an unjustified burden on the court and on the party who must respond to it." *Id.*, quoting *Laurence v. Wall*, 2007 WL 1875794, *1 (D. R.I. 2007); *see also* Wright & Miller § 1281 at 709 ("[u]nnecessary prolixity in a pleading places an unjustified burden on the district judge and the party who must respond to it because they are forced to ferret out the relevant material from a mass of verbiage"). "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted to enable him to answer and prepare for trial." *Id.*, quoting *Laurence*, 2007 WL 1875794 at *1. As noted by several courts, this principle is particularly significant because a defendant is required, pursuant to Rule 8(b), to "plead one of three alternatives in

response to all of the allegations in a complaint..."  *Id.*, quoting *Indiana Reg'l Council of Carpenters Pension Trust Fund*, 2006 WL 3302642, *2 (N.D. Ind. 2006); *see also Calderon-Garnier v. Sanchez-Ramos*, 439 F.Supp.2d 229 (D.P.R. 2006), *aff'd*, 506 F.3d 22 (1st Cir. 2007).  But the complaint here presents a "dense thicket" of "incomprehensible" assertions.  *See e.g.*, *Eisenstein v. Emsworth*, 148 Fed.Appx. 75, 77 (3d Cir. 2005) (affirming order dismissing complaint for, *inter alia*, violating Rule 8).

Further, plaintiff's complaint is characterized by what many courts have described as "buzzwords" or "gibberish[.]"  *See e.g. Coghlan v. Starkey*, 852 F.2d 806, 812-16 (5th Cir. 1988) (collecting cases); *Ramos v. Thornburg*, 732 F.Supp. 696, 702 (E.D. Tex. 1989); *Yocum v. Summers*, 1991 WL 171389 (N.D. Ill. 1991); *McCutcheon v. N.Y. Stock Exch.*, 1989 WL 82007 (N.D. Ill. 1989); *U.S. v. Messimer*, 598 F.Supp. 992, 993 (C.D. Cal. 1984) (describing pleadings filed by *pro se* litigant as "thirty-four pages of bizarre, repetitive and incomprehensible claims, contentions and sometimes gibberish"); *Bryant v. U Haul*, 1994 WL 67803 (E.D. Pa. 1994) ("Aside from these slight variations, each complaint consists merely of an unintelligible recitation of unconnected names and places or similar gibberish.").

The requirement of a short, plain statement of the claim and entitlement to relief was not supplanted by the pleading standards set forth in *Twombly/Iqbal*.

*See e.g.*, *Tamayo v. Blagojevich*, 526 F.3d 1074, 1082-83 (7th Cir. 2008)

("Although *Twombly* retooled federal pleading standards ... and retired the

oft-quoted *Conley* motion to dismiss no set of facts standard, *Twombly* did not

supplant the basic notice-pleading standard.") (internal quotation marks omitted);

*see also Hensley Mfg. v. Propride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009).

Indeed, a "plaintiff still must provide only enough detail to give the defendant fair

notice of what the claim is and the grounds upon which it rests...." *Tamayo*, 526

F.3d at 1083 (internal quotation marks and citation omitted). *Twombly*

specifically provided that "a complaint attacked by a Rule 12(b)(6) motion to

dismiss does not need detailed factual allegations ...." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007). However, a complaint only survives a

motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to

state a claim to relief that is plausible on its face." *Courie v. Alcoa Wheel &*

*Forged Products*, 577 F.3d 625 (6th Cir. 2009), quoting *Ashcroft v. Iqbal*, 556

U.S. 662; 129 S.Ct. 1937, 1949 (2009).

   Thus, in the wake of *Twombly/Iqbal*, a complaint must still comply with

Rule 8(a), which prohibits excessively detailed, unnecessarily complicated,

argumentative, and extraneous facts. *See e.g.*, *Lease v. Fishel*, 2009 WL 922486,

*2 (M.D. Pa. 2009) (The "mash of allegations [in this complaint] read more like a

novel than a legal pleading and frequently digress into improper argumentative

detail."); *Fritz v. County of Kern*, 2009 WL 382741, *2 (E.D. Cal. 2009) (a

"complaint is not a novel - background allegations and evidentiary detail are

simply unnecessary and violate Rule 8(a)(2)."). The undersigned concludes that

plaintiff's amended complaint contains far too much detail, extraneous

information, and incomprehensible gibberish. And, "any claims that may meet the

pleading requirements of Rule 8(a) as clarified by *Iqbal* and *Twombly* are simply

lost in the sea of insufficiently pled or wholly unsustainable claims." *Dumas v.*

*Hurley Med. Ctr.*, 2011 WL 1465785, *1 (E.D. Mich. 2011).

"As has been recognized by our circuit and others, despite liberal pleading

requirements for *pro se* litigants, it is not the role of the court to guess the nature

of the claim(s) asserted." *Agee v. Wells Fargo Bank*, 2010 WL 1981047, *2 (E.D.

Mich. 2010), citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Nuclear*

*Transp. & Storage, Inc. v. United States*, 890 F.2d 1348 (6th Cir. 1989); *Chapman*

*v. City of Detroit*, 808 F.2d 459 (6th Cir. 1986). In this case, as in *Agee*, "no more

than guessing could take place." *Id*. Thus, despite plaintiff's *pro se* status, given

the incomprehensible nature of plaintiff's complaint, the undersigned concludes

that dismissal of all claims is appropriate.

C.   Failure to State a Claim

In addition, plaintiff has failed to state a claim on which relief may be

granted. Although plaintiff asserts a claim under the Civil Rights Act, 42 U.S.C.

14

Report and Recommendation
Motion to Dismiss/Motions for Summary Judgment
*Lewis v. Northland Chrysler*; Case No. 13-14058

§ 2000a, she does not set forth any factual support for an alleged violation of this statute in her complaint.  Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a *et seq*., prohibits discrimination on the basis of race, color, religion, or national origin in certain places of public accommodation.[3]  Not every public place is covered by this statute.  The covered establishments are set forth in § 2000a(b).  *Watson v. Fraternal Order of Eagles*, 915 F.2d 235, 240 (6th Cir. 1990).  Basically, the establishment must be (1) a lodging place, or (2) a restaurant or facility engaged in selling food, or (3) a theater, arena, or other place of exhibition or entertainment, or (4) an establishment physically located within another covered establishment.  *Moses v. American Apparel Retail*, 2014 WL 1093784, *11 (W.D. Tenn. 2014).  Just as in *Moses*, the complaint in this case does not include any allegations that the defendant is a lodging place, a restaurant, or place of entertainment, or other establishment located within a covered establishment.  Thus, plaintiff fails to state a claim for violation of § 2000a.

Further, plaintiff fails to sufficiently plead discrimination.  Beyond plaintiff's conclusory allegation that defendant discriminated against her, she does not allege any facts that would "nudge[ ] her claim[ ] across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570.  And plaintiff's only request

---

[3]  Defendant correctly points out that this statute does not refer to sex or gender.  Plaintiff does not offer any legal theory or applicable statutory provision in support her alleged gender discrimination claim.

Report and Recommendation
Motion to Dismiss/Motions for Summary Judgment
*Lewis v. Northland Chrysler*; Case No. 13-14058

for relief is money damages, which are not available for violations of § 2000a. *Kinney v. Slawinski*, 2013 WL 5308342, *3 n. 1 (N.D. Ohio 2013), citing *Newman v. Piggie Park Enters., Inc*., 390 U.S. 400 (1968); *James v. City of Livonia*, 985 F.2d 560 (6th Cir. 1993). The sole private remedy is an injunction under § 2000a-3. *Kinney*, at *3 n. 1. Just as in *Kinney*, plaintiff complains only of instances of past conduct which appear unlikely to occur again. Therefore, an injunction would be inappropriate, and plaintiff cannot state a claim under these sections. *Kinney*, at *3 n. 1, citing *Krain v. Kahn*, 983 F.2d 1076 (9th Cir. 1992). Thus, plaintiff's claim under § 2000a also fails for these reasons.

Similarly, plaintiff's ADA claim fails as a matter of law. The ADA prohibits "discrimination against persons with disabilities in three major areas of public life: employment, which is covered by Title I of the statute; public services, programs, and activities, which are the subject of Title II; and public accommodations, which are covered by Title III." *Tennessee v. Lane*, 541 U.S. 509, 516-17, (2004); *see* 42 U.S.C. §§ 12111-12117 (Title I); 42 U.S.C. §§ 12131-12165 (Title II); 42 U.S.C. §§ 12181-12189 (Title III). Plaintiff's claim does not fall into Title I of the ADA because the claim is not employment-based. Plaintiff's claim does not fall into Title II of the ADA because that Title only applies to state and local governments, along with their agencies, departments and instrumentalities. *Burton v. City of Memphis*, 2013 WL 5924379, *3 (W.D. Mich.

2013).  That leaves Title III as the only potential ADA claim available to plaintiff.

As a threshold matter, it is well-established that only injunctive relief is available

to a plaintiff under Title III of the ADA.  *Maley v. Octapharma Plasma*, *Inc.*, 2013

WL 3814248 (E.D. Mich. 2013), citing *Powell v. Nat'l Bd. of Med. Exam'rs*, 364

F.3d 79, 86 (2d Cir. 2004).  Here, plaintiff seeks only money damages in her

proposed amended complaint.  (Dkt. 4, Pg ID 51).  For this reason, her ADA

claim, as pleaded, fails to state a plausible claim for relief.

Plaintiff concedes that there is no claim for "theft by deception" under

Michigan law and thus, this claim need be discussed no further.  In her response,

plaintiff essentially claims that what occurred was simply unfair and defendant

should be held responsible.  However, unfairness is not a viable legal claim.

Finally, the undersigned concludes that plaintiff has failed to state a claim

for intentional infliction of emotional distress.  To establish a claim for intentional

infliction of emotional distress, the plaintiff must prove: "(1) extreme and

outrageous conduct; (2) intent or recklessness; (3) causation; and (4) severe

emotional distress."  *Duran v. The Detroit News, Inc.*, 200 Mich.App. 622,

629-30; 504 N.W.2d 715, citing *Roberts v. Auto-Owners Ins. Co.*, 422 Mich. 594,

602; 374 N.W.2d 905 (1985).  "The trial court must determine as a matter of law

whether the defendant's conduct was so extreme and outrageous to withstand a

motion for summary disposition."  *Id*.  Liability will only be found when the

17

Report and Recommendation
Motion to Dismiss/Motions for Summary Judgment
*Lewis v. Northland Chrysler*; Case No. 13-14058

defendant's conduct is so outrageous and extreme that it goes beyond all bounds of decency and is "to be regarded as atrocious and utterly intolerable in a civilized community." *Doe v. Mills*, 212 Mich.App. 73, 91; 536 N.W.2d 824 (1995), citing *Linebaugh v. Sheraton Mich. Corp.*, 198 Mich.App. 335, 342; 497 N.W.2d 585 (1993). The conduct must make the average member of the community exclaim "Outrageous!" when described to her. *Id*.

However, a trial court is to serve as the gatekeeper as to whether the conduct in question could reasonably be deemed sufficiently extreme and outrageous before even allowing it to go to the jury. *Sawabini v. Desenberg*, 143 Mich.App. 373, 383; 372 N.W.2d 559 (1985). Assuming all of plaintiff's allegations are true, the undersigned concludes that they simply do not "go beyond all possible bounds of decency, as to be regarded as atrocious and utterly intolerable in a civilized community." *Graham v. Ford*, 237 Mich.App. 670, 604 N.W.2d 713 (1999). In this case, the undersigned concludes that defendant's conduct simply does not rise to the level of "extreme and outrageous" and plaintiff's claim for intentional infliction of emotional distress must fail.

Given the foregoing conclusions that none of plaintiff's claims should survive the motion to dismiss, the undersigned also recommends that plaintiff's motions for summary judgment be denied as moot.

18

Report and Recommendation
Motion to Dismiss/Motions for Summary Judgment
*Lewis v. Northland Chrysler*; Case No. 13-14058

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **GRANTED** and that plaintiff's motions for summary judgment be **DENIED** as moot.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: May 27, 2014                    s/Michael Hluchaniuk
                                      Michael Hluchaniuk
                                      United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

I certify that on <u>May 27, 2014</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Melanie T. Frazier</u> and that I have mailed by U.S. Postal Service to the following non-ECF participant: <u>Sharon D. Lewis, 23140 Wildwood, Oak Park, MI 48237.</u>

                                      s/Tammy Hallwood
                                      Case Manager
                                      (810) 341-7887
                                      tammy_hallwood@mied.uscourts.gov

Report and Recommendation
Motion to Dismiss/Motions for Summary Judgment
*Lewis v. Northland Chrysler*; Case No. 13-14058