UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARON D. LEWIS,

    Plaintiff,

v.

NORTHLAND CHRYSLER DODGE RAM JEEP,

    Defendant.
_____/

Case No. 13-cv-14058

HONORABLE STEPHEN J. MURPHY, III

**ORDER ADOPTING IN PART REPORT
AND RECOMMENDATION** (document no. 20)**, GRANTING
DEFENDANT'S MOTION TO DISMISS** (document no. 8)**, AND DENYING
PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT** (document nos. 6 & 16)

    Sharon D. Lewis claims that Northland Chrysler Dodge Ram Jeep ("Northland Chrysler") stole or extorted money from her because she is female, African-American, and a recipient of Social Security benefits. To redress this alleged injury, she seeks summary judgment on claims for violations of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, violations of her human rights, theft by deception, and intentional infliction of emotional distress. Northland Chrysler moves to dismiss her complaint in response.

    The magistrate judge assigned to the case recommends granting Northland Chrysler's motion to dismiss, denying Lewis's motions for summary judgment as moot, and dismissing the complaint. Lewis objects to these recommendations. While the Court will not adopt the report and recommendation ("the Report") in full, it agrees that the complaint should be dismissed.

**BACKGROUND**

In September 2013, Lewis went to the Northland Chrysler dealership and discussed the purchase of a Chrysler 300 Motown Edition. Am. Compl. 14, ECF No. 4. A salesman quoted her a price of $27,882.58. *Id.* The finance manager, who had approved the price, then asked Lewis to make a down payment of $9,800.00 with a certified check. *Id.* Lewis accordingly obtained a certified check from her bank, returned to the dealership, and handed the check to the salesman, who in turn, gave the check to the finance manager. *Id.* She then left. *Id.*

The next day, Lewis returned to the dealership. *Id.* The finance manager told her that the car was now selling for $33,382.58. *Id.* Lewis asked him to return her certified check. *Id.* He replied that he would have to contact her credit union to authorize the withdrawal of funds. *Id.* at 15. When the credit union was contacted, its agent asked Lewis if she had authorized Northland Chrysler to withdraw the funds from her account. *Id.* She explained to the agent that she had given the dealership a certified check and now wanted it back. *Id.* According to Lewis, Northland Chrysler had no reason to contact her credit union. *Id.*

The credit union's agent then spoke to Northland Chrysler employees helping Lewis. *Id.* Because Northland Chrysler had deposited the certified check the previous day, the agent explained that it was being processed. *Id.* The salesman accordingly told Lewis that Northland Chrysler would not be able to return the check for several more days. *Id.* Lewis responded by telling various Northland Chrysler employees that they treating her unfairly because of her gender. *Id.* at 15–16.

After a few days, Lewis contacted Northland Chrysler several times asking for her check back. *Id.* at 16. The dealership's employees first failed to return her calls and then

refused to return her check. *Id.* at 16–17. Lewis claims this treatment caused her to suffer significant stress and humiliation. *Id.*

## STANDARD OF REVIEW

A court must review timely and specific objections to a magistrate judge's report and recommendation de novo. *See* Fed. R. Civ. P. 72(b)(2)–(3). By contrast, a court may adopt, reject, or amend the portions of a report and recommendation to which no party properly objects. *See* Fed. R. Civ. P. 72(b)(3); *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## DISCUSSION

The magistrate recommends dismissing Lewis's amended complaint for failure to comply with Civil Rules 8 and 10 and for failure to state a claim. Lewis responds with 28 objections — most of which have no legal or factual basis.[1] Concentrating then on the few colorable objections, the Court finds that nearly all lack merit.

I. Pleading Standards

Lewis's amended complaint is bundled together with a motion to amend her complaint, responses to Northland Chrysler's motion to dismiss, and arguments in support of her motions for summary judgment. She treats this entire document (or at least large portions of it) as her amended complaint. The magistrate thus recommends dismissing the amended complaint for failing to meet the pleading standards in Civil Rules 8 and 10. Lewis objects.

---

[1] For example, several objections concern the magistrate's accurate description of what was or was not filed on the docket. The magistrate, however, did not recommend dismissing any claim based on that history. Another objection is that dismissing her complaint for failure to state a claim violates the Seventh Amendment.

3

Obviously, Lewis's packaging of her amended complaint is problematic. Defendants and judges alike must work to separate her allegations from her legal arguments. Lewis thus runs a significant risk of failing to provide a "short and plain statement" of her claim and the grounds upon which it rests. Fed. R. Civ. P. 8(a). But unlike many claims dismissed for failing to meet basic pleading standards, *see, e.g.*, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), neither the Court nor Northland Chrysler must guess at the what principal claims she is asserting and why. The basic gist of her grievance — that Northland Chrysler violated Title II of the Civil Rights Act and other laws by failing to return her certified check — is apparent. And despite the intermingling of pleadings and argument, her claims are not so ensnared in extraneous material as to make deciphering them impossible or unduly burdensome. Therefore, in light of the leniency that should be shown to pro se plaintiffs, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the Court will not dismiss her amended complaint for violating Civil Rules 8 and 10.

II.  <u>Failure to State a Claim</u>

Nevertheless, the Court agrees with the magistrate that Lewis fails to state a claim upon which relief can be granted and accordingly will dismiss her complaint. While Lewis objects to this conclusion, she does so by merely repeating, with slight variations, the factual and legal assertions contained in her complaint. The contentions have already proved unpersuasive, but a brief discussion of the magistrate's analysis shows why Lewis cannot prevail.

4

A. Federal Claims

One of Lewis's federal claims is that Northland Chrysler violated Title II of the Civil Rights Act of 1964, which prohibits discrimination on the basis of race in places of public accommodation. *See* 42 U.S.C. § 2000a. As the magistrate correctly observed, Lewis cannot recover for several reasons.

The first is that Title II only applies to "place[s] of public accommodation." 42 U.S.C. § 2000a(a). Although many state public accommodation laws apply broadly, Title II embodies a narrower view of what is a public accommodation than a place that is open to the public. *See Welsh v. Boy Scouts of Am.*, 993 F.2d 1267, 1271 n.3 (7th Cir. 1993). The statute specifies the types of establishments that count as places of public accommodation: lodgings for transient guests, facilities that serve food for consumption on the premises, gasoline stations, places of exhibition or entertainment, and establishments physically located within a covered establishment. 42 U.S.C. § 2000a(b). Plainly, car dealerships, like retail stores and beauty salons, do not fall within this definition. *See Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 427, 431 (4th Cir. 2006); *Halton v. Great Clips, Inc.*, 94 F. Supp. 2d 856, 862 (N.D. Ohio 2000).

Second, the complaint contains no more than a conclusory allegation of racial discrimination. The only "fact" supporting Lewis's racial discrimination claim is her assertion that Northland Chrysler must have mistreated her due to her race. This fact, she says, is enough to show discrimination because "male customers" were treated differently. Pl.'s Objections 8, ECF No 21 (citing Am. Compl. 18). But what Lewis overlooks is that she attempts to infer racial discrimination from gender differences. She never explains whether those male customers were of a different race.

5

A third reason Lewis cannot recover is that she requests only money damages, whereas Title II authorizes only injunctive relief. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 n.5 (1970); *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402 (1968). While Lewis attempts to remedy this fault by asking for an injunction in her objections to the Report, her belated request does not cure the deficiencies in the amended complaint.

There is also good reason to dismiss Lewis's claim that Northland Chrysler violated Title III of the Americans with Disabilities Act. Like Title II of the Civil Rights Act, Title III of the Americans with Disabilities Act authorizes courts only to grant injunctive relief. *See Powell v. Nat'l Bd. of Med. Examiners*, 364 F.3d 79, 86, *opinion corrected*, 511 F.3d 238 (2d Cir. 2004). Lewis, however, asks only for money damages. She does not try to graft a request for injunctive relief into the complaint through her objections.

B. <u>Other Claims</u>

Lewis additionally claims that Northland Chrysler is liable for violation of her human rights, theft by deception, and intentional infliction of emotional distress.

In her prior briefs, Lewis identified no legal basis for the human rights and theft by deception claims other than a Colorado city ordinance. The magistrate therefore recommended dismissing them. While she strenuously objects, Lewis still cannot identify a legal basis for these claims. Dismissal is thus appropriate.

Finally, the magistrate recommends dismissing her claim for intentional infliction of emotional distress. The elements of this claim are (1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and severe emotional distress. *Duran v. The Detroit News, Inc.*, 200 Mich. App. 622, 629–30 (1993). While Lewis disagrees with the magistrate's assessment that Northland Chrysler's conduct is not so outrageous and

extreme as "to be regarded as atrocious and utterly intolerable in a civilized community," Report 18, ECF No. 20 (quoting *Doe v. Mills*, 212 Mich. App. 73, 91 (1995)), she fails to persuasively explain why. Her allegations are indicative of poor customer service, not intolerable conduct.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the magistrate's report and recommendation (document no. 20) is **ADOPTED IN PART**.

**IT IS FURTHER ORDERED** that the defendant's motion to dismiss (document no. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that Lewis's motions for summary judgment (document nos. 6 & 16) are **DENIED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: July 7, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 7, 2014, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager